IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SENTRY INSURANCE, a mutual company,

                Plaintiff,

v.

NOVELTY, INC.,

                Defendant.

OPINION and ORDER

09-cv-355-slc

---

In this is civil action for monetary relief, plaintiff Sentry Insurance contends that defendant Novelty, Inc. breached an insurance agreement between the parties by failing to reimburse plaintiff for reserves it advanced on behalf of defendant in response to a worker's compensation claim against defendant. Defendant denies that it has breached the insurance agreement and has filed counterclaims against plaintiff for (1) a declaratory judgment of non-liability; (2) breach of contract; (3) negligence; and (4) breach of the duty of good faith and fair dealing. Jurisdiction is present under 28 U.S.C. § 1332.

Before the court is plaintiff's motion to dismiss defendant's counterclaims under Fed. R. Civ. P. 12(b)(6). Plaintiff contends that defendant fails to state a claim for tort violations or breach of contract and its counterclaims are "mirror images" of the claims raised in plaintiff's complaint. Defendant opposes plaintiff's motion, contending that it has stated a breach of contract claim under Wisconsin law and tort claims under Indiana law. In assessing plaintiff's motion to dismiss, I must accept all well-pled facts in defendant's counterclaims as true, and view defendant's allegations in the light most favorable to defendant. *Thompson v. Illinois Department of Professional Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

I will grant plaintiff's motion to dismiss with respect to defendant's negligence claim but will deny the motion in all other respects. I conclude that defendant's counterclaims are not

mirror-images of plaintiff's breach of contract claim, and that it is too early to determine whether defendant's counterclaims will be rendered moot by adjudication of plaintiff's claim. Also, I conclude that Wisconsin law applies to defendant's tort claims and bars its negligence claim. In addition, I conclude that defendant has stated a claim for breach of contract under Wisconsin law. Finally, I conclude that neither party briefed the issue whether defendant states a claim under Wisconsin law for breach of good faith.

For the purposes of deciding the pending motion only, I draw the following facts from the pleadings:

## BACKGROUND

Plaintiff Sentry Insurance, a mutual company, is a Wisconsin corporation with its principal place of business in Wisconsin. Defendant Novelty, Inc. is an Indiana corporation with its principal place of business in Indiana.

In or around May 2004, plaintiff issued two workers' compensation insurance polices to defendant. Under the terms of the policies, plaintiff had a duty to defend workers' compensation claims asserted against defendant, and the right to investigate and settle such claims. The policies also contained a $250,000 deductible that defendant had to satisfy before plaintiff was required to pay workers' compensation claims on defendant's behalf.

On or about November 9, 2007, plaintiff told defendant that plaintiff had received notice of a workers' compensation claim pending in Pennsylvania that was filed by an employee of defendant named Frank Boyer. Although Boyer's workers' compensation claim had been filed months before, neither plaintiff or defendant knew about Boyer's claim before November 2007.

During the hearing on Boyer's claim, Boyer alleged that he had sent plaintiff and defendant prior notices of the workers' compensation action. Plaintiff presented no evidence during the hearings establishing the lack of prior notice. The administrative law judge handling Boyer's claim determined that plaintiff and defendant had failed to respond to notice of the claim in a timely manner, which precluded from challenging the factual allegations of Boyer's claim. The administrative law judge entered a $219,105.81 judgment against plaintiff and defendant.

Plaintiff paid the judgment. However, because the judgment was within defendant's deductible limit, plaintiff billed defendant for the amount of the judgment and related charges. In April 2008, May 2008, July 2008 and April 2009, plaintiff sent additional invoices to defendant for costs related to Boyer's claim. Defendant refused to pay, and this lawsuit resulted.

OPINION

Defendant asserts four counterclaims: (1) a declaration that defendant has no liability to plaintiff for the amount of any judgment entered in the Boyer action; (2) a breach of contract claim that plaintiff failed its duty to defend defendant against Boyer's workers' compensation claim; (3) a negligence claim that plaintiff breached its duties of reasonable care, skill and diligence; and (4) a claim that plaintiff breached the duty of good faith and fair dealing.

Plaintiff seeks dismissal of all four under Fed. R. Civ. P. 12(b)(6) which allows a court to a dismiss a claim or entire complaint if a party fails "to state a claim upon which relief can be granted." Dismissal under 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

Plaintiff contends that defendant's counterclaims should be dismissed for three reasons, which I address in turn below:

**I.  Redundancy**

Plaintiff contends that defendant's counterclaims are redundant and will be resolved by the court's determination of plaintiff's claims.  Although plaintiff relies on Rule 12(b)(6) in its motion to dismiss, arguing that defendant's counterclaims are redundant is not the same as arguing that defendant has failed to state a claim.  Plaintiff's arguments seem to draw from Rule 12(f), which allows a district court to strike from a complaint or counterclaim "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Plaintiff cites *Automatic Liquid Packaging, Inc. v. Dominik*, 852 F.2d 1036, 1038 (7th Cir. 1988) and *Central States v. Wintz Properties, Inc.*, 155 F.3d 868, 871 (7th Cir. 1998) to support the proposition that counterclaims duplicating claims in the complaint are disfavored.  In these cases, the court of appeals noted that some of the defendant's counterclaims "may not be counterclaims so much as 'defenses masquerading as . . . positive claim[s] for relief.'" *Central States*, 155 F.3d at 871 (citing *Automatic Liquid Packaging*, 852 F.2d at 1038).  However, in these cases, the court of appeals was determining whether claims and counterclaims arising out of the same contractual transactions were distinct for the purpose of entering a Fed. R. Civ. P. 54(b) final judgment on multiple claims.  The court of appeals expressed no opinion on whether the counterclaims should have been dismissed or stricken by the district court.

Motions to strike can be useful in removing "unnecessary clutter" from a case, *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989), and some courts grant motions to strike to remove redundant counterclaims.  *Lincoln National Corp. v. Steadfast Insurance*

4

*Co.*, 2006 WL 1660591, *2 (N.D. Ind. June 9, 2006); *Green Bay Packaging, Inc. v. Hoganson & Associates, Inc.*, 362 F. Supp. 78, 82 (N.D. Ill. August 7, 1973).  However, motions to strike generally are disfavored because they waste time by requiring judges to engage in busywork and judicial editing without addressing the merits of a party's claim.  *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006).

Plaintiff may be correct that portions of defendant's counterclaims restate issues already contested in this litigation, namely, whether defendant is liable to plaintiff for breach of the insurance agreement.  Defendant's counterclaim for a declaration that it is not in breach of the insurance agreement appears to be the inverse of plaintiff's claims.  However, it would be premature to dismiss a viable and plausible claim at such an early stage with so few facts on the record.  "[T]he safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action."  6 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1406, at 36 (2d ed. 1990).

With respect to defendant's other counterclaims, plaintiff has not shown that they are mirror-images of plaintiff's breach of contract claim or completely redundant.  Defendant's counterclaims concern different provisions of the insurance agreement (plaintiff's duty to defend) than plaintiff's claims (defendant's duty to pay deductible).  Also, defendant is seeking monetary relief.  Resolution of plaintiff's claims would not resolve defendant's claims for damages, and defendant would have to bring an additional lawsuit for damages if its counterclaims are dismissed.  An extra lawsuit would not promote judicial efficiency.  Finally, if, as plaintiff argues, the counterclaims are truly repetitious, then plaintiff will not have to expend much time on additional discovery or briefing.

## II. Declaratory Judgment

Plaintiff's second argument is that the court should decline to assume jurisdiction over defendant's claim for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, because defendant's interests will be resolved fully by adjudication of plaintiff's breach of contract claim.  Plaintiff relies on *City of Highland Park v. Train*, 519 F.2d 681, 693 (7th Cir. 1975), in which the court explained that "[w]hile the availability of another remedy does not preclude declaratory relief, a court may properly decline to assume jurisdiction in a declaratory action when the other remedy would be more effective or appropriate."  Plaintiff's reasoning essentially repeats its argument that defendant's counterclaims are redundant.  Again, I am not persuaded that now is the time to decide this matter.

The Declaratory Judgment Act provides that a court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201.  A justiciable controversy exists regarding the obligations and rights of the parties under the insurance agreement.  The declaratory relief sought by defendant would resolve the controversy and thus meets the requirements of the Act.

## III. Failure to State a Claim under Wisconsin Law

Finally, plaintiff contends that defendant has failed to state a claim for contract or tort violations under Wisconsin law.  Specifically, plaintiff argues that (1) defendant's breach of contract claim should be dismissed because defendant has not suffered any damages; and (2) defendant's tort claims are barred under Wisconsin law because any duty plaintiff owed defendant was based solely on the insurance contract and can only be enforced through contract law.

**A. Breach of Contract Claim**

Before addressing the merits of these arguments, I must determine the applicable substantive law. Because subject matter jurisdiction in this case is based on diversity of citizenship, I must look to the law of Wisconsin, the forum state, to determine which state's law should be applied. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 497 (1941); *Nichols v. National Union Fire Insurance Co.*, 509 F. Supp. 2d 752, 756 (W.D. Wis. 2007).

The insurance agreement contains a choice of law provision stating that the agreement "will be construed in accordance with the laws of the state of Wisconsin . . ." As a general rule, Wisconsin law recognizes validly executed choice of law provisions in the absence of any public policy reasons to disregard them. *Bush v. National School Studios, Inc.*, 139 Wis. 2d 635, 642, 407 N.W.2d 883, 887 (1987). Also, the parties agree that Wisconsin law applies to defendant's breach of contract counterclaim, so I will apply Wisconsin law. *RLI Insurance Company v. Conseco, Inc.*, 543 F.3d 384, 390 (7th Cir. 2008) ("When neither party raises a conflict of law issue in a diversity case, the applicable law is that of the state in which the federal court sits.")

To state a claim for breach of contract under Wisconsin law, defendant must show: (1) the existence of a contract; (2) breach of the contract; and (3) damages arising from the breach. *Brew City Redevelopment Group, LLC v. The Ferchill Group*, 2006 WI App 39, ¶ 11, 289 Wis. 2d 795, 807, 714 N.W.2d 582, 589 (citing *Northwestern Motor Car, Inc. v. Pope*, 51 Wis. 2d 292, 296 (1971)). Plaintiff argues that because it paid the entire judgment on Boyer's workers' compensation claim, defendant has not incurred any damages as a result of plaintiff's purported breach of the insurance agreement for failure to defend defendant in the Boyer action.

However, defendant alleges that it suffered damages as a result of the adverse judgment in the Boyer claim. Under Wisconsin law, both compensatory and consequential damages are recoverable for breach of contract. *Magestro v. North Star Environmental Construction*, 2002 WI App 182, ¶ 10, 256 Wis. 2d 744, 751, 649 N.W.2d 722, 725-26. In the specific context of an insurer breaching its duty to defend an insured, the insured may recover "(1) the amount of the judgment or settlement against the insured plus interest; (2) costs and attorney fees incurred by the insured in defending the suit; and (3) any additional costs that the insured can show naturally resulted from the breach." *Newhouse v. Citizens Security Mutual Insurance Co.*, 176 Wis. 2d 824, 838, 501 N.W.2d 1, 6 (1993). Defendant alleges that it has suffered compensatory damages and may identify consequential damages as discovery unfolds. At this early stage in the case, I cannot conclude that defendant suffered no damages from plaintiff's alleged breach of the insurance agreement.

**B. Tort Claims**

The choice of law is made on an issue-by-issue basis. *International Administrators, Inc. v. Life Insurance Co.*, 753 F.2d 1373, 1376 n.4 (7th Cir. 1985). Therefore, I must consider separately which state's law applies to defendant's tort claims for negligence and breach of the duty of good faith and fair dealing, a matter the parties dispute. Plaintiff contends that Wisconsin law applies and defendant contends that Indiana law applies.[1]

---

[1] Plaintiff did not file a reply brief to refute defendant's contention that Indiana law applies to defendant's tort claims. However, I assume from plaintiff's original motion to dismiss that there is a live dispute about which law applies.

Tort claims generally fall outside the scope of a choice of law provision. *CERAbio LLC v. Wright Medical Technology, Inc.*, 410 F.3d 981, 987 (7th Cir. 2005) (citing *Kuehn v. Children's Hospital*, 119 F.3d 1296, 1302 (7th Cir. 1997)). A choice of law provision may be construed to govern tort disputes, but only if "it is clear that this is what the parties intended." *Kuehn*, 119 F.3d at 1302. Because there is no clear indication in the insurance agreement that the parties intended the choice of law clause to cover tort claims, defendant's negligence and good faith claims are not subject to the provision. Thus, I will look to Wisconsin choice of law principles to determine whether Indiana or Wisconsin law applies to defendant's tort claims.

The Wisconsin choice of law methodology applicable to tort cases begins with a presumption that the law of the forum state applies unless it is clear that the contacts in the nonforum state are of greater significance than the contacts in the forum state. *State Farm Mutual Automobile Insurance Co. v. Gillette*, 2002 WI 31, ¶ 51, 251 Wis. 2d 561, 588, 641 N.W.2d 662, 676; *Drinkwater v. American Family Mutual Insurance Co.*, 2006 WI 56, ¶ 40, 290 Wis. 2d 642, 658, 714 N.W.2d 568, 576. The choice of law analysis ends with a consideration these factors: (1) predictability of results; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law. *Drinkwater,* 2006 WI 56 at ¶¶ 40-42. The appropriate law, unless the above factors clearly displace it, is the law of the forum.

The contacts this case has with Indiana do not outweigh the presumption in favor of Wisconsin law. Plaintiff is a citizen of Wisconsin, the parties entered into the insurance agreement in Wisconsin and the contract is governed by Wisconsin law. *Gillette*, 2002 WI 31 at ¶ 52 (finding significant contacts in Wisconsin where plaintiff was Wisconsin resident and

insurance policy was issued in Wisconsin and governed by Wisconsin law). The only contact this case has with Indiana is defendant's Indiana citizenship. Such contact is minimal and isolated, and does not justify the application of Indiana law.

Furthermore, the five "choice influencing factors" point toward applying Wisconsin law. Application of Wisconsin law is predictable, advances the forum's governmental interests, and maintains interstate order because the relationship between the parties is rooted in Wisconsin. The other two factors–simplification of the judicial task and application of the better rule of law– do not weigh for or against applying Wisconsin law. Neither Indiana nor Wisconsin law appears particularly complicated and both are founded on a rational basis and serve discernible principals. *Id.* at ¶ 66. Accordingly, I will apply Wisconsin law to defendant's tort claims.

### (1) Breach of Good Faith

Plaintiff contends that Wisconsin law bars defendant's tort claims. "Wisconsin has a long history of attempting to maintain the distinction between contract and tort claims." *Butler v. Advanced Drainage Systems, Inc.*, 2006 WI 102, ¶ 44, 294 Wis. 2d 397, 423, 717 N.W.2d 760, 773. Under Wisconsin law, when a tort claim is made and a contract is involved, the case may proceed in tort only if there is a duty owed that is independent of the duty to perform under the contract. *Id.; see also Foseid v. State Bank of Cross Plains*, 197 Wis. 2d 772, 793 n.13, 541 N.W.2d 203, 211 (Wis. App. 1995). Plaintiff argues that its duty of good faith and fair dealing was not an independent duty, but arose only because of the insurance agreements. Thus, plaintiff argues, defendant cannot proceed in tort.

However, Wisconsin recognizes a tort action against an insurer for the violation of good faith. *Anderson v. Continental Insurance Co.*, 85 Wis. 2d 675, 687, 271 N.W.2d 368, 374 (Wis. 1978); *Pum v. Wisconsin Physicians Services Insurance Corp.*, 2007 WI App 10, ¶ 22, 298 Wis. 2d 497, 518, 727 N.W.2d 346, 356; *see also* Arnold P. Anderson, *Wisconsin Insurance Law*, Vol. II, §§ 7.53-7.60. A bad faith insurance claim is an intentional tort claim separate from a breach of contract claim. *Id.*; *McEvoy v. Group Health Coop. of Eau Claire*, 213 Wis. 2d 507, 518, 570 N.W.2d 397, 402 (1997); *DeChant v. Monarch Life Insurance Co.*, 200 Wis. 2d 559, 569-70, 547 N.W.2d 592, 596 (Wis. 1996). It arises not from an express contractual provision but from the implied covenant of good faith and fair dealing in insurance contracts that requires insurers to investigate, settle or contest insurance claims in good faith. *Ford Motor Co. v. Lyons*, 137 Wis. 2d 397, 423, 405 N.W.2d 354, 365 (Wis. App.1987). The Wisconsin Supreme Court has recognized bad faith claims to help "redress a bargaining power imbalance between parties to an insurance contract." *McEnvoy*, 213 Wis. 2d at 518.

"To show a claim for bad faith, a plaintiff must show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim. . . . 'Bad faith' is defined as deceit, duplicity, insincerity." *Anderson*, 85 Wis. 2d at 691-92. Plaintiff assumed that Wisconsin law did not support defendant's bad faith claim and therefore did not analyze whether defendant has alleged the facts necessary to support such a claim under *Anderson*, 85 Wis. 2d at 691. I will not undertake this analysis for the parties. Therefore, I am denying plaintiff's motion to dismiss defendant's claim that plaintiff violated its duty of good faith and fair dealing.

**(2) Negligence**

Wisconsin law does not support a tort action against an insurer for negligent failure to defend an insured. I have found no Wisconsin cases in which an insured was allowed to bring such a claim. Further, a negligence action would not be an appropriate exception to Wisconsin's policy of maintaining the distinction between tort and contract actions. *E.g.*, *Butler*, 2006 WI 102 at ¶ 44; *Landwehr v. Citizens Trust Co.*, 110 Wis. 2d 716, 720, 329 N.W.2d 411, 413 (Wis. 1983). Unlike a tort action for bad faith that is based on duties independent of the contract (namely, the implied duty to settle or contest insurance claims in good faith), a negligence action is based on the express contractual provision that requires an insurance company to defend its insured. Thus, a negligence claim would not be based on an "independent duty" as required under Wisconsin law. Moreover, the Wisconsin Supreme Court's rationale for authorizing bad faith tort claims against insurance companies is that such claims "encourage fair treatment of the insured and penalize unfair and corrupt insurance practices" and level out the playing field between insurers and the insured. *McEnvoy*, 213 Wis. 2d at 518; *American v. American Family Insurance Co.*, 2005 WI App 126, ¶ 2, 284 Wis. 2d 569, *1, 699 N.W.2d 252 (unpublished). Negligence can occur without corruption, dishonesty or an insurer's unfair use of superior bargaining power. Thus, none of the policy reasons that support recognition of a bad faith claim support recognition of a tort claim for negligent failure to defend.

Because Wisconsin law does not recognize a tort action by an insured against an insurer for negligent defense, defendant's negligence claim will be dismissed.

ORDER

IT IS ORDERED that plaintiff Sentry Insurance's motion to dismiss defendant Novelty Inc.'s counterclaims is GRANTED with respect to defendant's negligence claim and DENIED with respect to defendant's claim for declaratory judgment, breach of contract and breach of the duty of good faith and fair dealing.

Entered this 16th day of December, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge